**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DARREN BEANLAND, on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>-vs.-<br><br>FEDERAL EXPRESS CORPORATION,<br><br>*Defendant* | **COMPLAINT – CLASS ACTION**<br><br>**JURY TRIAL DEMANDED**<br><br>**EXEMPT FROM FILING FEES UNDER 38 U.S.C. § 4323(h)(1)**<br><br>**22-cv-_____** |

Plaintiff Darren Beanland, on behalf of himself and other similarly situated individuals, by and through his attorneys, alleges as follows:

**<u>INTRODUCTION</u>**

1.      This is a class action under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq*., on behalf of all current and former non-pilot "permanent" employees[1] of Federal Express Corporation d/b/a/ FedEx Express ("FedEx") who took short-term military leave from FedEx since 2004 and did not receive compensation and/or paid leave from FedEx during such short-term military leave.

2.      USERRA § 4316(b) requires that military servicemembers who take leaves of absence from their civilian employers to perform qualified military service be treated no less favorably than employees who take other comparable forms of leave that an employer provides. Accordingly, servicemember employees who take military leave must receive the same "rights

---

[1] The term "permanent" in the Complaint has the meaning used in the FedEx People Manual.

and benefits" during such military leave as employees who take comparable leaves, such as for jury duty, illness, or the death of a family member.  38 U.S.C. § 4316(b); 20 C.F.R. § 1002.150. Paid leave, pay, and/or wages are among the "rights and benefits" that must be provided equally to employees on military leave and comparable non-military leaves.  *See* 38 U.S.C. § 4303(2).

3.     FedEx has violated USERRA § 4316(b) by paying compensation to FedEx non-pilot permanent employees[2] who take leave for non-military reasons, such as jury duty, Medical Absence Pay ("sick leave"), or bereavement leave, but not providing any compensation to FedEx's permanent servicemember employees who take short-term military leave.

4.     Due to FedEx's violations, Plaintiff and other servicemembers employed by FedEx have received less compensation than they would have received had FedEx provided them with pay during their short-term military leave on an equal basis as employees who took other comparable forms of non-military leave.

5.     This action seeks: (a) a declaration that FedEx violated USERRA by failing to provide Class Members with pay during their short-term military leave on an equivalent basis to other comparable forms of leave; (b) an order requiring FedEx to pay servicemembers on short-term military leave on an equivalent basis to other comparable forms of leave; and (c) an order requiring FedEx to recalculate and pay compensation to Plaintiff and other members of the Class consistent with the requirements of USERRA.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction pursuant to 38 U.S.C. § 4323(b)(3), which provides that the district courts of the United States have jurisdiction over a USERRA

---

[2] Unless otherwise specified in this Complaint, all references to FedEx employees exclude pilots.

action brought against a private employer.  This Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1331, because this action arises under a federal law.

7.     This Court has personal jurisdiction over Defendant FedEx.  There is general jurisdiction over Defendant FedEx, because FedEx is incorporated in the state of Delaware.

8.     Venue is proper under 38 U.S.C. § 4323(c)(2), because Defendant FedEx is a private employer that maintains multiple places of business throughout this District.  FedEx employs at least hundreds of employees in Delaware, including in New Castle, Newark, Wilmington, Dover, and Middletown.  FedEx serves customers in every zip code in Delaware. Venue is also proper in this District under 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims in this action occurred in this District.

## PARTIES

9.     Plaintiff Darren Beanland is and has been employed as an Aircraft Maintenance Technician by FedEx since 2018. Mr. Beanland is also a Flight Line Expediter in the Indiana Air National Guard, where he has served for the past 24 years. Throughout the duration of his military service while employed by FedEx, Plaintiff has routinely taken leave to engage in qualified military service to perform his military obligations. Since 2018, he has ordinarily taken military leave from his employment with FedEx for periods of two weeks per year and for shorter periods to satisfy his monthly drill obligations.  Plaintiff resides in Cloverdale, Indiana, and works for FedEx in Indiana.  He previously worked for FedEx in Texas.

10.    Defendant Federal Express Corporation, d/b/a FedEx Express, is the world's largest express transportation company, providing delivery to more than 220 countries and territories and employing approximately 289,000 employees.  Defendant Federal Express Corporation is an employer within the meaning of 38 U.S.C. § 4303(4)(A) and a Delaware

3

corporation.  It provides package delivery services throughout the world.  At all times during

Plaintiff's employment with FedEx, FedEx employed Plaintiff and controlled his work

opportunities, including the rights and benefits he received during periods of short-term military

leave.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal

Rules of Civil Procedure on behalf of the following Class:

> Current and former permanent non-pilot employees of Federal Express Corporation
> ("FedEx") who took short-term military leave (periods of 14 days or fewer) from
> their employment with FedEx at any time from October 10, 2004 through the date
> of judgment in this action and during that short-term military leave were not paid
> the compensation they would have earned had they continued to work their ordinary
> work schedules for FedEx.

> Excluded from the Class are all former or current salaried employees of FedEx who
> have only worked at FedEx after October 31, 2020.

### Impracticality of Joinder

12.     The members of the Class are so numerous that joinder of all members is

impracticable.  Since 2004, FedEx has employed at least several thousand non-pilot employees

who took short-term military leave from FedEx.  Accordingly, there are thousands of members

of the Class.  FedEx specifically recruits veterans for employment.  The members of the Class

are geographically dispersed across the country.  FedEx currently has 12 airport-based "hubs"

and hundreds of ground shipping facilities scattered throughout the United States.

### Commonality

13.     The central question in this case that will generate a common answer as to the

Class is whether FedEx's policy or practice of failing to pay servicemember employees during

periods of short-term military leave violates USERRA § 4316(b), because FedEx pays employees who take other forms of comparable leave.

14.     Plaintiff's claim raises subsidiary common questions, including: (a) whether short-term military leave is comparable to other forms of leave for which FedEx fully or partially pays its employees; and (b) whether FedEx's violations of USERRA were willful, such that it should be required to pay liquidated damages to Plaintiff and the Class Members.

15.     Because FedEx adopted and applied a uniform policy or practice of not providing pay to its servicemember employees during periods of short-term military leave on an equal basis as employees who took other comparable forms of leave, answers to these questions will produce common answers for all members of the Class.

16.     As FedEx acted in a uniform, systematic manner with respect to the Class, all members of the Class suffered the same type of injury based on a single policy or practice and resolving the claims of the Class will be based on common legal and factual questions.  To the extent that FedEx's policies or practices are found to violate USERRA, the determination of the amounts to be paid to members of the Class will be formulaic and can be readily calculated.

**<u>Typicality</u>**

17.     Plaintiff's claims are typical of the other members of the Class because the claims challenge a uniform policy or practice by which FedEx failed to pay its servicemember employees during periods of short-term military leave on an equivalent basis as employees who took other comparable forms of leave.

18.     FedEx has no unique defenses against the Plaintiff that would interfere with Plaintiff's representation of the Class.

**Adequacy**

19.     Plaintiff will fairly and adequately protect the interests of other members of the

Class.

20.     Plaintiff does not have any conflict with any other member of the Class.

21.     Plaintiff is represented by counsel with significant experience in prosecuting class

action litigation, including class action litigation under USERRA.

**Rule 23(b)(2)**

22.     The claims can be certified as a class action under Rule 23(b)(2) under the Federal

Rules of Civil Procedure because Defendant has acted and/or failed to act on grounds generally

applicable to the Class, making declaratory and injunctive relief appropriate with respect to the

Class as a whole.

23.     Defendant maintained a uniform policy or practice as to all members of the Class.

Defendant is alleged to have violated USERRA by refusing to pay its employees during periods

of short-term military leave on an equivalent basis to other comparable forms of leave. As such,

Defendant has acted or refused to act on grounds that apply generally to the Class. As a result,

final declaratory and injunctive relief is appropriate with respect to the Class as a whole.

24.     The relief sought consists primarily of (a) a declaration establishing that

Defendant has violated USERRA by failing to pay its employees during periods of short-term

military leave on an equivalent basis to other forms of non-military leave and (b) an order

requiring Defendant to recalculate and pay compensation to Class Members consistent with the

requirements of USERRA. The monetary relief sought either flows from and/or is incidental to

the declaratory relief sought, as it flows directly from the ordering of such declaratory relief and

can be calculated in a simple, objective, and mechanical manner. Specifically, the amount owed

the Class can be calculated by (a) comparing the regular compensation paid by Defendant to the Class with the amount of compensation actually received by the Class during periods of short-term military leave, and (b) paying the Class the difference between those amounts.

**Rule 23(b)(3)**

25.     The claims can be certified as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure because the questions of law and fact common to the members of the Classes predominate over questions affecting only individual members and a class action is superior to other available methods for the fair and efficient resolution of this controversy.

26.     The common questions of law and fact concern whether FedEx's policy or practice of failing to pay its servicemember employees during periods of short-term military leave on an equivalent basis to employees who took other comparable forms of leave violated USERRA.  As the members of the Class were all employees who took short-term military leave, their right to pay during such short-term military leave was uniformly affected by FedEx's violations, and common questions related to liability will necessarily predominate over any individual questions related to liability.

27.     A class action is superior to other available methods for the fair and efficient resolution of this controversy.  By bringing these claims together in a single class proceeding, the issues will be efficiently resolved.  Class certification is a superior method of adjudicating these issues, because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's obligations under USERRA and the remedy that should be provided under USERRA.

28.     The members of the Class have an interest in a unitary adjudication of the issues presented in this action.  Additionally, many members of the Class are unlikely to have a

sufficient amount of individual damages to justify pursuing an individual action in federal court or to obtain counsel to pursue an individual action. But all members of the Class would benefit from a class action that obtains relief for all members of the Class. Other than *Travers v. FedEx Corporation*, No. 19 Civ. 06106 (E.D. Pa.), which was dismissed without prejudice on March 10, 2022, and is no longer pending, no other litigation concerning this controversy has been filed by any other members of the Class.

29.     This is an appropriate forum for these claims because, among other reasons, jurisdiction and venue are proper and FedEx is incorporated in this District. There are no difficulties in managing this case as a class action.

## FACTUAL ALLEGATIONS

### FedEx Express's Policy and Practice Regarding Military Leave

30.     Since October 10, 2004, when a servicemember employee of FedEx has taken military leave that lasts 14 days or fewer ("short-term military leave"), FedEx has not provided pay to the employee during such short-term military leave.

31.     Currently, FedEx distinguishes between short-term military leave (14 days or fewer in duration) and long-term military leave (15 days or more in duration). FedEx places its employees who take long-term military leave (*i.e.,* leaves of 15 days or more) on "inactive" status.

32.     When an employee of FedEx has been required to be absent from his or her employment at FedEx for any one of a number of non-military reasons, including that the employee is ill or needs to address the death of a family member, FedEx has provided the employee his or her full wages and/or salary during the leave of absence.

33.     When a FedEx employee has been absent from work because he or she is required

to perform jury service, FedEx has paid the employee the difference between his or her

compensation from FedEx and any stipend or compensation that employees receive for their jury

duty service ("differential pay").

34.     Since at least October 10, 2004, FedEx has maintained a policy or practice of

failing to pay servicemember employees when they take short-term military leave, while

providing employees who take comparable forms of non-military leave—such as jury duty,

bereavement leave, or sick leave—with full pay, or with differential pay.

**USERRA Required FedEx Express to Provide the Same Rights and Benefits to Employees Who Took Short-Term Military Leave as Employees Who Took Comparable Forms of Leave, Including Pay**

35.     USERRA § 4316(b)(1) provides, in relevant part, that "a person who is absent

from a position of employment by reason of service in the uniformed services shall be"

> (A) deemed to be on furlough or leave of absence while performing such service; and

> (B) entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service.

38 U.S.C. § 4316(b)(1).

36.     Accordingly, if an employer provides non-seniority rights and benefits to

similarly situated employees who take comparable non-military leave, including pay, USERRA

§ 4316(b)(1) requires the employer to provide those same "rights and benefits" to employees

during their periods of military leave.  *Id*.; *see also id.* § 4303(2); 20 C.F.R. § 1002.150(a).

37.     As the Department of Labor's implementing regulations state, the "most

significant factor to compare" two types of leave to determine whether they are a "comparable

form of leave" under USERRA is "the duration of the leave."  20 C.F.R. § 1002.150(b).  In

addition, "other factors such as the purpose of the leave and the ability of the employee to choose when to take the leave should also be considered." *Id*.

**FedEx Fails to Pay Servicemember Employees Who Take Short-Term Military Leave But Provides Paid Leave for Other Comparable Leaves**

38.     Pursuant to FedEx's policy, FedEx failed to pay Plaintiff and the members of the Class during each period in which they took short-term military leave since October 10, 2004.

39.     Throughout the relevant time period, FedEx has provided a salary continuation program to permanent employees for absences resulting from illness or injury (which FedEx calls "medical absence pay" or "sick leave"). Part-time employees with 90 days or more of continuous employment are eligible to receive up to 40 hours of medical absence pay per fiscal year. Full-time employees are eligible to receive up to 80 hours of medical absence pay per fiscal year.

40.     Throughout the relevant time period, FedEx has provided all permanent employees with up to three consecutive business days of paid funeral time off to arrange and attend a funeral, memorial, or other observation due to the death of a family member (which FedEx calls "bereavement pay" or "bereavement leave"). Part-time employees receive full scheduled pay not to exceed four hours a day. Full-time employees receive full scheduled pay not to exceed eight hours a day.

41.     Throughout the relevant time period, FedEx has provided authorized time off with pay for employees fulfilling their obligation as citizens of the United States by serving on jury duty. During a period of jury duty, part-time employees receive the regular base pay for their scheduled hours, minus jury duty pay, up to 20 hours per week. During a period of jury duty, full-time employees receive up to 10 hours per day of the regular base pay, depending on the hours scheduled, minus jury duty pay, unless prohibited by state law, up to 40 hours per week.

42.     Throughout the relevant time period, FedEx provided full pay to employees while they were on leave from their employment with FedEx because of bereavement leave or sick leave, and provided differential pay to employees while they were on leave from their employment with FedEx because of jury duty.

43.     Jury duty leave, sick leave, and bereavement leave are all comparable to short-term military leave in terms of their duration, purpose, and the ability of the employee to choose when to take the leave. FedEx also offers other forms of paid leave that may be comparable to short-term military leave.

**The Other Leaves Are Comparable to Short-Term Military Leave in Duration**

44.     For employees of FedEx, the duration of jury duty leave, sick leave, and bereavement leave is comparable to the duration of short-term military leave.  Each of these types of leave most commonly lasts several days.

45.     Sick leave, which is called "Medical Absence Pay" at FedEx, is limited to 40 hours of scheduled work per year for a full-time employee and 20 hours of scheduled work per year for a part-time employee.  These amounts of sick leave generally equate to one week's worth of work for full- and part-time employees.

46.     Bereavement leave is limited to three days of full scheduled work per death of a qualifying family member.

47.     Jury duty most commonly lasts no more than a few days and usually not more than two weeks.

**The Comparable Leaves Are Comparable to Short-Term Military Leave in Purpose**

48.     Jury duty leave, sick leave, and bereavement leave are also comparable to short-term military leave in their purpose. All of jury duty, illness, and grief can, like military duty,

prevent an employee from performing their ordinary job duties. Jury duty and bereavement involve absence from employment due to other obligations, like military duty. And jury duty and military duty both share a public service function. In the transportation industry where safety is a paramount concern, bereavement leave also serves a public service function.

### The Other Leaves Are Comparable to Short-Term Military Leave in Terms of the Ability of the Employee to Choose When to Take the Leave

49.     Jury duty leave, sick leave, and bereavement leave are comparable to short-term military leave, in terms of the ability of the employee to choose when to take the leave. Jury duty occurs because an employee is commanded to appear to serve on a petite or grand jury duty. Sick leave is typically taken due to a short-term, involuntary medical condition that prevents an employee from working.  Bereavement leave is taken due to a death of a family member. And short-term military leave occurs due to a servicemember's obligation to perform military service in the Armed Forces based on a schedule set by and/or orders issued by the military.

### FedEx's Policy Does not Provide Paid Leave for Short-Term Military Leave

50.     FedEx's policy or practice of refusing to pay servicemembers when they take short-term military leave, while continuing to pay employees who take other comparable forms of non-military leave, violates USERRA § 4316(b), because Defendant denies servicemembers the same non-seniority "rights and benefits" that it provides to similarly situated employees who are on furlough or leave of absence.  38 U.S.C. § 4316(b); *see also id.* § 4303(2).

51.     This policy has unlawfully denied FedEx's servicemember employees the pay that they should have received when they engaged in short-term military leave compared to employees who received pay when they engaged in jury duty, bereavement leave, sick leave, or other comparable forms of non-military leave.

**Plaintiff's USERRA-Protected Military Leave**

52.     Plaintiff Beanland has performed military service in the Indiana Air National Guard from 1998 to the present.  Since he began working for FedEx in 2018, he has satisfied his military service requirements either by participating in monthly drills or by performing several months worth of drills in one consolidated period each quarter.  For each of the annual, two-week drills that Plaintiff participated in since 2018, he took leave from his position at FedEx, and for a number of the shorter monthly drills, Plaintiff took leave from FedEx.  For example, in 2020 and 2021 Plaintiff took unpaid, short-term military leave from FedEx on the following dates: April 17-19, 2020; April 22-25, 2020; June 13-14, 2020; July 8-11, 2020; June 19 to July 2, 2021; September 11-12, 2021.

**COUNT I**
**VIOLATION OF USERRA, 38 U.S.C. § 4316(b)(1)**
**(On Behalf of the Class)**

53.     Plaintiff hereby repeats and incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

54.     USERRA, 38 U.S.C. § 4316(b)(1), provides that "a person who is absent from a position of employment by reason of service in the uniformed services shall be (a) deemed to be on furlough or leave of absence while performing such service; and (b) entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service."

55.     Paid leave, pay, wages, and/or salary are among the "rights and benefits" defined in 38 U.S.C. § 4303(2) that must be provided equally to servicemembers who take military leave

and employees who take other comparable forms of non-military leave, pursuant to USERRA § 4316(b), 38 U.S.C. § 4316(b).

56.     The Department of Labor's regulation that implements and interprets USERRA § 4316(b)(1) provides that "[i]f the non-seniority benefits to which employees on furlough or leave of absence are entitled vary according to the type of leave, the employee must be given the most favorable treatment accorded to any comparable form of leave when he or she performs service in the uniformed services."  20 C.F.R. § 1002.150(b).

57.     The types of leave for which FedEx has provided employees paid leave, pay, wages, and/or salaries—including jury duty leave, bereavement leave, and sick leave—are comparable to short-term military leave in terms of the duration, purpose, and/or the ability of the employee to determine whether to take the leave.

58.     By adopting and applying a policy or practice of not paying servicemember employees who take short-term military leave, FedEx denied Plaintiff and the Class the same "rights and benefits" that FedEx provided to employees who take other comparable forms of non-military leave, including jury duty leave, sick leave, and bereavement leave.  Thus, FedEx failed to provide employees on short-term military leave the most favorable treatment that FedEx afforded employees on other comparable forms of non-military leave.  By doing so, FedEx violated and continues to violate USERRA § 4316(b)(1).

59.     Due to FedEx's failure to comply with USERRA § 4316(b)(1), Plaintiff and other members of the Class have received less compensation than they would have received had Defendant complied with USERRA and the Department of Labor's regulations.

60.     Upon information and belief, Defendant's violations of USERRA § 4316(b)(1) were willful.

14

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant FedEx on all claims and respectfully requests that this Court award the following relief:

A.    Declare that Defendant's policy or practice by which it failed to pay servicemember employees when they took short-term military leave, while providing pay to employees who took other, comparable forms of non-military leave, violated the rights of Plaintiff and the Class under USERRA § 4316(b);

B.    Declare that Defendant's violations of USERRA were willful under 38 U.S.C. § 4323(d)(1)(C);

C.    Declare that Defendant must pay servicemember employees who take short-term military leave on the same basis as employees who take leave for jury duty, sick leave, bereavement leave, or other comparable forms of short-term, non-military leave;

D.    Require Defendant to provide pay to FedEx employees when they take short-term military leave on the same basis as employees who take leave for jury duty, sick leave, bereavement leave, or any other comparable forms of short-term, non-military leave.

E.    Require Defendant to recalculate and pay the paid leave, pay, wages, and/or salary that Plaintiff and the Class are entitled to receive in accordance with the Court's declaration;

F.    Order Defendant to pay all members of the Class liquidated damages in an amount to be determined at trial pursuant to 38 U.S.C. § 4323(d)(1)(C);

G.    Award pre-judgment and post-judgment interest on any monetary relief awarded or required by order of this Court;

H.      Require Defendant to pay attorneys' fees, expert witness fees, litigation expenses

and costs pursuant to 38 U.S.C. § 4323(h) and/or order the payment of reasonable fees and

expenses in this action to Plaintiff's Counsel on the basis of the common benefit and/or common

fund doctrine out of any money or benefit recovered for the Class in this Action; and

I.      Grant such other and further relief as the Court deems proper, just, and/or

equitable.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38 or any similar rule or law, Plaintiff

demands a trial by jury for all causes of action and issues for which trial by jury is available.

Dated: May 23, 2022                          Respectfully submitted,

                                             */s/ Nathan Cook*
                                             Nathan Cook (State Bar #4841)
                                             BLOCK & LEVITON LLP
                                             3801 Kennett Pike, Ste. C-305
                                             Wilmington, DE 19807
                                             Telephone: (302) 499-3601
                                             Fax: (617) 507-6020
                                             nathan@blockleviton.com

                                             R. Joseph Barton (to be admitted *pro hac vice*)
                                             Colin M. Downes (to be admitted *pro hac vice*)
                                             BLOCK & LEVITON LLP
                                             1633 Connecticut Ave., NW, Ste. 200
                                             Washington D.C. 20009
                                             Telephone: (202) 734-7046
                                             Fax: (617) 507-6020
                                             jbarton@blockleviton.com
                                             colin@blockleviton.com

                                             Michael J. Scimone
                                             (to be admitted *pro hac vice*)
                                             OUTTEN & GOLDEN LLP
                                             685 Third Avenue, 25th Floor
                                             New York, New York 10017
                                             Telephone (212) 245-1000
                                             Email: mscimone@outtengolden.com

Peter Romer-Friedman (to be admitted *pro hac vice*)
Robert D. Friedman  (to be admitted *pro hac vice*)
GUPTA WESSLER PLLC
2001 K Street NW, Suite 850
Washington, D.C. 20006
Telephone: (202) 888-1741
Email: peter@guptawessler.com

Matthew Z. Crotty (to be admitted *pro hac vice*)
CROTTY & SON LAW FIRM, PLLC
905 W. Riverside Ave.
Suite 404
Spokane, WA 99201
Tel: (509) 850-7011
matt@crottyandson.com

Thomas G. Jarrard (to be admitted *pro hac vice*)
LAW OFFICE OF THOMAS G. JARRARD LLC
1020 N. Washington St.
Spokane, WA  99201
Tel:  (425) 239-7290
Tjarrard@att.net

*Attorneys for Plaintiff*