IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DARREN BEANLAND, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>-vs.-<br><br>FEDERAL EXPRESS CORPORATION,<br><br>Defendant. | Civil Action No. 1:22-cv-00672-MAK |

### DEFENDANT'S SUR-REPLY IN OPPOSITION TO CLASS CERTIFICATION

Mark W. Robertson (*admitted pro hac vice*)
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
mrobertson@omm.com

M. Tristan Morales (*admitted pro hac vice*)
O'MELVENY & MYERS LLP
1625 Eye St NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
tmorales@omm.com

Jason Zarrow (*admitted pro hac vice*)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071
Telephone: 213-430-8369
Facsimile: 213-430-6407
jzarrow@omm.com

Wali W. Rushdan II, Esq.
FOX ROTHSCHILD LLP
919 N. Market Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 622-4265
Facsimile: (302) 656-8920
wrushdan@foxrothschild.com

Colleen Hitch Wilson (*admitted pro hac vice*)
Michael C. McLaren (*admitted pro hac vice*)
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road
Building B, 3rd Floor
Memphis, TN 38125
Telephone: (901) 434-8338
Facsimile: (901) 434-4523
chitchwilson@fedex.com
michael.mclaren@fedex.com

*Attorneys for Defendant Federal Express Corporation*

## TABLE OF CONTENTS

                                                                                                                           **Page**

ARGUMENT ................................................................................................................................. 1

    A.    USERRA Requires Comparing Types Of Leave, Not Instances Of Military Leave With Types Of Non-Military Leave .......................................................... 2

    B.    USERRA Requires Comparing Types Of Leave As Taken By Similarly Situated Employees ................................................................................................ 4

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Case v. Judd*,
  2020 WL 440069 (M.D. Fla. Jan. 28, 2020) .................................................................................. 7

*Clarkson v. Alaska Airlines, Inc.*,
  2021 WL 2080199 (E.D. Wash. May 24, 2021) ................................................................. passim

*Ferreras v. Am. Airlines, Inc.*,
  946 F.3d 178 (3d Cir. 2019) ........................................................................................................ 6

*Hoefert v. Am. Airlines, Inc.*,
  438 F. Supp. 3d 724 (N.D. Tex. 2020) .................................................................................. 1, 6

*Huntsman v. Sw. Airlines Co.*,
  2021 WL 391300 (N.D. Cal. Feb. 3, 2021) ....................................................................... passim

*In re Class 8 Transmission Indirect Purchaser Antitrust Litig.*,
  140 F. Supp. 3d 339 (D. Del. 2015) ........................................................................................... 7

*In re Linerboard Antitrust Litig.*,
  203 F.R.D. 197 (E.D. Pa. 2001) .................................................................................................. 7

*Moss v. United Airlines, Inc.*,
  420 F. Supp. 3d 768 (N.D. Ill. 2019) .......................................................................................... 1

*Scanlan v. Am. Airlines Grp., Inc.*,
  2022 WL 16636935 (E.D. Pa. Nov. 2, 2022) ..................................................................... passim

*Scanlan v. Am. Airlines Grp., Inc.*,
  567 F. Supp. 3d 521 (E.D. Pa. 2021) .......................................................................................... 4

*Synoracki v. Alaska Airlines, Inc.*,
  2022 WL 1746777 (W.D. Wash. May 31, 2022) ............................................................... 1, 3, 6

*White v. United Airlines, Inc.*,
  987 F.3d 616 (7th Cir. 2021) ....................................................................................................... 7

*Won v. Amazon.Com, Inc.*,
  2022 WL 3576738 (E.D.N.Y. Aug. 19, 2022) ........................................................................... 7

**Statutes**

38 U.S.C. § 4316 ................................................................................................................... 1, 2, 3, 4

# TABLE OF AUTHORITIES
# (continued)

**Page(s)**

**Regulations**

20 C.F.R. § 1002.150 ................................................................................................................ 3, 5

Pursuant to this Court's November 3, 2022 Order (D.I. 47), Federal Express Corporation submits this sur-reply addressing two new legal arguments in Plaintiff's Reply in Support of Class Certification (D.I. 48 ("Reply")). For the reasons that follow, and those detailed in FedEx's Opposition to Class Certification (D.I. 45 ("Opp.")), any class should be limited to aircraft mechanics.

## ARGUMENT

Courts applying 38 U.S.C. § 4316(b) in the class context agree on the approach the statute requires in order to assess the comparability of leaves. The court compares the general features of military leave (or a subset defined by plaintiffs as "short-term military leave") as taken by employees within the plaintiff's workgroup to the general features of non-military leaves as taken by employees within the plaintiff's workgroup, resulting in an apples-to-apples comparison. *See Scanlan v. Am. Airlines Grp., Inc.*, 2022 WL 16636935, at *2-5 (E.D. Pa. Nov. 2, 2022) (comparing pilot short-term military leave to pilot jury duty and bereavement); *Synoracki v. Alaska Airlines, Inc.*, 2022 WL 1746777, at *5-7 (W.D. Wash. May 31, 2022) (comparing pilot military leave to pilot jury duty and sick leave); *Clarkson v. Alaska Airlines, Inc.*, 2021 WL 2080199, at *4-9 (E.D. Wash. May 24, 2021) (comparing pilot military leave to pilot jury duty, bereavement, sick leave, and vacation); *Moss v. United Airlines, Inc.*, 420 F. Supp. 3d 768, 773-75 (N.D. Ill. 2019) (comparing pilot military leave to pilot jury duty, union leave, and sick leave); *see also Hoefert v. Am. Airlines, Inc.*, 438 F. Supp. 3d 724, 738-42 (N.D. Tex. 2020) (comparing pilot military leave to pilot sick leave, union leave, jury duty, vacation, and FMLA leave). Even *Huntsman*, the one court that did not limit the class to the plaintiff's workgroup—and as a consequence got mired in protracted discovery—agreed with this interpretive approach. *Huntsman v. Sw. Airlines Co.*, 2021 WL 391300, at *6 (N.D. Cal. Feb. 3,

2021) ("USERRA requires pilots to be compared against other pilots, flight attendants would be compared against flight attendants, and so on.").

Plaintiff relies on many of these cases, but his arguments in favor of a class of all employees (except pilots) would turn their careful analyses upside down. His arguments rest on two related legal errors about *what* should be compared when undertaking USERRA's comparability analysis. Plaintiff says that *each individual instance of military leave* less than 15 days should be compared to various "types" of non-military leaves as taken by FedEx's entire work force. Reply 1. No court has adopted Plaintiff's position because it is inconsistent with USERRA and the class mechanism. Instead, the courts that have certified classes asserting claims under § 4316(b) unanimously agree that USERRA requires comparing (i) types of leave (military versus non-military) as (ii) taken by similarly situated employees. That approach—and the evidence, as well as the lack of evidence, that Plaintiff marshaled at class certification—requires limiting any class here to aircraft mechanics.

**A.     USERRA Requires Comparing Types Of Leave, Not Instances Of Military Leave With Types Of Non-Military Leave**

In his opening brief, Plaintiff cryptically suggested in passing that the Court should compare each individual instance of military leave shorter than 15 days to various types of non-military leave. D.I. 43-1 at 18. Plaintiff's reply now fully embraces that theory. He argues that "USERRA § 4316(b) requires comparing … [each] stretch of military service to" various "types" of non-military leave. Reply 1. There are three significant problems with Plaintiff's position.

*First*, none of the analogous USERRA class actions—including *Huntsman,* on which Plaintiff almost exclusively relies—has adopted that counter-intuitive approach. Rather, they compare, for example, the average duration of military and non-military leaves. *See Huntsman*, 2021 WL 391300, at *5 (certifying class because plaintiff will "be able to compare the average

duration of military leave to the average duration of other types of leave and that comparison will drive resolution of whether or not the types of leaves are comparable"); *see also Scanlan*, 2022 WL 16636935, at *3 (analyzing "the duration of the average military leave" along with frequency); *Synoracki*, 2022 WL 1746777, at *6 & 7 n.10 (considering "average length of military leave absences during the relevant time frame"); *Clarkson*, 2021 WL 2080199, at *5 (comparing "'character' of the two forms of leave").

*Second*, comparing individual *instances* of military leave to *types* of non-military leave makes no sense, either generally or specifically in the context of § 4316(b). Generally, these are apples and oranges. Specifically, § 4316(b) is a non-discrimination provision, and the question in all discrimination cases is whether the defendant is treating like things alike—here, like leaves alike. That comparison can only be made by using the same baseline metric. This approach also matches the way that employers actually decide on leave policies, whether for military or non-military leaves—namely, by assessing the impact those policies would have on the covered employee group as a whole, rather than with ad hoc leave decisions for each individual stretch of each individual leave type for each individual employee.

*Third*, Plaintiff has not carried his burden to prove that a class could be certified under his theory. If Plaintiff's theory were accepted, *every single* military leave lasting 14 days or less would have to be evaluated individually based on its duration, the service member's control over the timing of that particular leave, and the purpose of that leave. 20 C.F.R. § 1002.150(b). Plaintiff has not shown that these three factors are amenable to common proof for each of the many thousands (if not more) instances of leave at issue in this case. Indeed, leaves of the same length might not even be comparable to each other. A service member might have complete control over the timing of some service obligations but not others—for example, volunteering for

3

additional training, Appx. 292-93, versus an involuntary overseas assignment. *See, e.g.*, *Scanlan*, 2022 WL 16636935, at *3 (noting that pilots "have varying levels of flexibility in scheduling when to perform military service"). And the purpose can also vary. Opp. 11.[1]

As courts to consider the question have recognized, USERRA claims can be amenable to class treatment, but only where the general features of military leave (or "short-term military leave") are compared to the general features of a non-military leave.

### B. USERRA Requires Comparing Types Of Leave As Taken By Similarly Situated Employees

Plaintiff argues for the first time that USERRA dictates that employees are "similarly situated" if they are subject to a common leave of absence policy. *See* Reply 2. That is wrong. As the statute makes clear, employees are "similarly situated" when they have "similar seniority, status, and pay." 38 U.S.C. § 4316(b).[2] And an aircraft mechanic simply does not have "similar seniority, status, and pay" to, for example, an in-house senior attorney. *See, e.g.*, *Scanlan v. Am. Airlines Grp., Inc.*, 567 F. Supp. 3d 521, 531 (E.D. Pa. 2021) ("It would not be fair or reasonably economical for plaintiff to represent those who are not American pilots."). Plaintiff does not argue or offer any evidence otherwise but simply proclaims that the People Manual inexplicably makes it so. It does not. Even as the *Huntsman* court recognized (paraphrasing Plaintiff's attorneys here), "USERRA requires pilots to be compared against other pilots, flight attendants

---

[1] While *one* purpose of military leave is to perform a public service, *see* Reply 4, Plaintiff errs in suggesting that this is the *only* purpose, *see, e.g.*, *Scanlan*, 2022 WL 16636935, at *4.

[2] The statute's "similar seniority, status, and pay" language does not provide that service members absent for military leave are entitled to those "benefits made available by a policy that applies to similarly situated employees." Reply 2. It instead provides that service members are entitled to the same non-seniority benefits as similarly situated employees who are *on leave* under a contract. 38 U.S.C. § 4316(b). Put simply, the contract or policy is relevant to the employee's leave status, not whether they are similarly situated. Similarity, by contrast, is determined by their "seniority, status, and pay." 38 U.S.C. § 4316(b).

4

would be compared against flight attendants, and so on." 2021 WL 391300, at *6. All of the cases addressing this issue are in accord. *Supra* at 1-2.[3]

Plaintiff's argument also fails factually. Initially, aircraft mechanics are *not* subject to the same general policy as any other workgroup: they are governed by the AMT Handbook, which sets out aircraft mechanic-specific scheduling provisions. Opp. 11-13. These provisions give mechanics greater control over their ability to choose when to take leave. 20 C.F.R. § 1002.150(b). Plaintiff contends that this scheduling control is categorically irrelevant because the control-over-timing factor focuses exclusively on "whether the military leave is compulsory." Reply 6. But that is not what the regulation says. 20 C.F.R. § 1002.150(b) ("ability of the employee to choose when to take the leave"). Judge Bartle recently confirmed this straightforward textual point: what matters is an employee's "ability to control when to take leave," *Scanlan*, 2022 WL 16636935, at *3-4, just as the regulation provides. And that is different for aircraft mechanics than for any other workgroup in Plaintiff's proposed class because their schedules and thus leaves are governed by policies in a handbook that apply exclusively to them. *See Clarkson*, 2021 WL 2080199, at *8 (considering employees' "ability to … schedule around such [military] leave"). So even if the Court were to accept Plaintiff's erroneous suggestion that the only fact that matters for class certification is that employees are governed by the "same policy," Reply 2 (quotations omitted), Plaintiff's motion should be denied because mechanics are governed by an AMT Handbook that applies only to them and not any other employee Plaintiff seeks to include in the class, *cf. id*. at 3 (acknowledging that "[if] the leaves" available under a policy "var[y] by job title, so would the comparability analysis").

---

[3] Plaintiff also mischaracterizes FedEx's argument. FedEx never said that USERRA invariably required a workgroup-by-workgroup analysis. *See* Opp. 6 n.2. It said that employees within the same workgroup would usually be of "similar seniority, status, and pay" under USERRA. *Id*.

Plaintiff's arguments on duration are equally mistaken. Courts compare the average duration of military leave or short-term military leave with the average duration of the leaves the plaintiff alleges are comparable. *See Scanlan*, 2022 WL 16636935, at *2-3; *Synoracki*, 2022 WL 1746777, at *5 & 7 n.10; *Clarkson*, 2021 WL 2080199, at *4-6; *Huntsman*, 2021 WL 391300, at *5; *Hoefert*, 438 F. Supp. 3d at 738-42. Plaintiff offered no evidence to that effect; instead, he erroneously argues that the Court should instead focus on the duration of each individual stretch of military leave, *supra* Part A. Thus, Plaintiff has not shown that the average duration of military leave or "short-term military leave" as taken by aircraft mechanics is typical of other workgroups.

Plaintiff instead quibbles with FedEx's data. *See* Reply 5. But it is not FedEx's burden to disprove any of the requirements of Rule 23(a); it is *Plaintiff's burden* to prove through evidence that they are all satisfied. *See Ferreras v. Am. Airlines, Inc.*, 946 F.3d 178, 184 (3d Cir. 2019). Plaintiff nonetheless asserts that the differences in FedEx's data were "modest." Reply 5. But a threefold difference, year over year, in the amount of leave taken between mechanics and other workgroups is significant—and, most importantly, that difference could easily be outcome determinative in the comparability analysis. Nor do the cases cited by Plaintiff make up for his failure to carry his evidentiary burden—or meaningfully help his position. *See* Reply 5 (citing *In re Class 8 Transmission Indirect Purchaser Antitrust Litig.*, 140 F. Supp. 3d 339, 347 (D. Del. 2015), and *In re Linerboard Antitrust Litig.*, 203 F.R.D. 197, 211 (E.D. Pa. 2001)). As Plaintiff explains, the courts in both cases held that "differences in the size or frequency of claims"— essentially, the magnitude of damages—did not defeat typicality. *Id*. But the issue here is not damages, which usually does not defeat certification, but liability: differences in the average duration of leave between mechanics and other workgroups speak to whether each employee

group's claim will succeed at all.  See Opp. 9-11; cf. *Case v. Judd*, 2020 WL 440069, at *7 (M.D. Fla. Jan. 28, 2020) (refusing to certify USERRA class on typicality grounds because named plaintiff "proffer[ed] no evidence to suggest that any other putative class member was absent near the amount of time as he was" on military leave).

Plaintiff's critique of FedEx's argument is also legally flawed.  Cherry-picking yet another outlier case (this one at the dismissal stage), he takes issue with the fact that FedEx considers frequency when analyzing aggregate duration.  Reply 5 (citing *Won v. Amazon.Com, Inc.*, 2022 WL 3576738 (E.D.N.Y. Aug. 19, 2022)).  But as Judge Bartle explained in addressing this same argument at summary judgment, "[a]n analysis of the frequency of military leave, along with duration, is necessary to have a complete picture," while "[l]ooking only at the average length of individual periods of military leave makes no sense, just as it makes no sense to compare the home run records of … two baseball players by looking only at the fact that both hit no more than one home run in any game."  *Scanlan*, 2022 WL 16636935, at *3-4; *see Clarkson*, 2021 WL 2080199, at *5 ("frequency is useful in the duration analysis"); *see also White v. United Airlines, Inc.*, 987 F.3d 616, 625 (7th Cir. 2021) (remanding for fact development on military leave "frequency and duration").

\*     \*     \*

As every recent analogous case demonstrates, deciding Plaintiff's claim will require comparing the characteristics of military leave (or "short-term military leave") as taken by aircraft mechanics to the characteristics of non-military leaves as taken by aircraft mechanics.  The claims of an aircraft mechanic class can thus be adjudicated on a classwide basis.  But the claims of all other non-pilot employees cannot be lumped together with aircraft mechanics.  The Court should follow *Scanlan* and *Clarkson* and deny certification of Plaintiff's overbroad class.

7

Dated:  November 16, 2022

Mark W. Robertson (*admitted pro hac vice*)
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
mrobertson@omm.com

M. Tristan Morales (*admitted pro hac vice*)
O'MELVENY & MYERS LLP
1625 Eye St NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
tmorales@omm.com

Jason Zarrow (*admitted pro hac vice*)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071
Telephone: 213-430-8369
Facsimile: 213-430-6407
jzarrow@omm.com

/s/ Wali W. Rushdan II
Wali W. Rushdan II, Esq. (State Bar # 5796)
FOX ROTHSCHILD LLP
919 N. Market Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 622-4265
Facsimile: (302) 656-8920
wrushdan@foxrothschild.com

Colleen Hitch Wilson (*admitted pro hac vice*)
Michael C. McLaren (*admitted pro hac vice*)
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road
Building B, 3rd Floor
Memphis, TN 38125
Telephone: (901) 434-8338
Facsimile: (901) 434-4523
chitchwilson@fedex.com
michael.mclaren@fedex.com

*Attorneys for Defendant Federal Express Corporation*