# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DARREN BEANLAND, on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>-vs.-<br><br>FEDERAL EXPRESS CORPORATION,<br><br>*Defendant* | Civil Action No. 1:22-cv-00672<br><br>**DECLARATION OF COLIN M. DOWNES IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

I, Colin M. Downes, declare as follows:

1.      I am a partner at Barton & Downes LLP and co-counsel for the Plaintiff in this case. I am admitted to practice in New York and the District of Columbia and have been admitted to practice before this Court *pro hac vice*. I submit this declaration in support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement.

2.      Plaintiff's counsel in this case were also counsel for Plaintiff Gerard Travers in a case brought on December 24, 2019, asserting a similar claim against Defendant Federal Express Corporation ("FedEx"). Discovery conducted in that case included exchange of written discovery, the depositions of five FedEx employees designated as Rule 30(b)(6) witnesses on behalf of FedEx, and the production of leave policies and data by FedEx.

3.      In order to streamline discovery in this case, the parties agree to use of certain of the discovery taken in the *Travers* action. The parties took additional discovery, exchanging further requests for production of documents and interrogatories. FedEx produced additional data and policy materials. These materials included data regarding the dates of military leave of members of the putative Class and the policies governing their use of military leave and other,

1

allegedly comparable leaves). FedEx also took the deposition of Mr. Beanland (in addition to his having been deposed in the *Travers* action).

4. On December 7, 2022, Plaintiff served a settlement demand on FedEx and proposed several mediators. As part of that demand, Plaintiff requested that FedEx produce certain additional data to Plaintiff's counsel for purposes of settlement negotiations—most significantly wage and salary data necessary to calculate the damages of the putative Class. FedEx did so in advance of mediation.

5. The parties held an all-day, in-person mediation session on January 11, 2023, with the assistance of Joshua M. Javitz, an independent mediator. Following further negotiations, the parties agreed on the principal monetary terms of settlement for the class claims, exclusive of any claims for attorneys' fees and expenses on January 31, 2023.

6. By the time the parties reached agreement on the principal monetary terms of settlement, Plaintiff's counsel understood Defendant's arguments that had been raised in *Travers*, including those on the initial motion to dismiss, the motion to dismiss *Beanland* for lack of jurisdiction and the arguments on appeal. And Plaintiff's counsel understood Defendant's arguments on its affirmative defenses, including laches, based on its arguments on the motion to dismiss in this case and Defendant's responses to interrogatories and other discovery.

7. Plaintiff's counsel in this case were also counsel for the plaintiff in *Clarkson v. Alaska Airlines, Inc.*, a case asserting substantially similar USERRA theories against two airlines on behalf of a class of pilots. Defendants in that case were represented by O'Melvey & Meyers, counsel for Defendant here. Plaintiff's counsel had a thorough understanding of the likely arguments that Defendant would likely make on summary judgment in light of the arguments (made by the same counsel) in *Clarkson* both on summary judgment and appeal.

8.      Plaintiff's counsel are or have served as class counsel in multiple other cases asserting claims against other employers on similar theories. These include cases brought against Alaska Airlines, Inc. Horizon Air Industries, Inc., Wal-Mart, Inc., American Airlines, Inc. and its parent American Airlines Group, Inc., Southwest Airlines Co. Their experience litigating these similar claims and other USERRA litigation enabled them to carefully evaluate the benefits of the Settlement to the Class and the risks involved in proceeding to trial.

9.      Plaintiff's counsel estimates the maximum recoverable lost wages of the Class total approximately $8.84 million before applying any reduction for Class Members' military pay based on a differential pay calculation or Defendant's affirmative defense of offset. As a result of the limitations imposed by the Court's Scheduling Order Plaintiff's counsel was not able to obtain the data that would enable Plaintiff's expert to perform a precise calculation of the amounts that a differential pay reduction/offset would have made. But based on the data available and experience in other cases, Plaintiff's counsel estimate that Defendant's affirmative defense of offset could reduce the recovery of the Class by in excess of 50%. Defendant's estimates were more aggressive, and suggested that FedEx's offset defense would reduce the lost wages of the class to approximately $2 million.

10.     Plaintiff's counsel sought bids from 8 professional class action administration services vendors to provide settlement administration services in this case. Plaintiff then compared the bids from four settlement administrators who provided timely bids. Of those bids, Simpluris provided the lowest, with a cap of $16,000.00 on total services. Plaintiff's counsel have previously worked with Simpluris on prior cases and recommend their appointment as Settlement Administrator here.

11.     Attached hereto are true and correct copies of the following documents:

Exhibit 1:   Class Action Settlement Agreement between Plaintiff and Defendant dated March 1, 2023;

Exhibit 2:   Proposed Plan of Allocation

Exhibit 3:   Proposed Notice of Class Action Settlement

Exhibit 4:   Simpluris, Inc. c.v.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this first day of March 2023 at Washington, D.C.

_____
Colin M. Downes