# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DARREN BEANLAND, on behalf of himself and all others similarly situated, | |
| *Plaintiff*, | Civil Action No.: 1:22-cv-00672-MAK |
| vs. | **CLASS ACTION SETTLEMENT AGREEMENT** |
| FEDERAL EXPRESS CORPORATION, | |
| *Defendant* | |

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

RECITALS ........................................................................................................................... 1

    I.     DEFINITIONS.......................................................................................................2

    II.    CLASS CERTIFICATION .................................................................................. 6

    III.   CLASS NOTICE ................................................................................................. 6

    IV.   SETTLEMENT FUND ....................................................................................... 7

    V.    DISTRIBUTIONS FROM THE SETTLEMENT FUND.................................... 8

    VI.   PLAN OF ALLOCATION ................................................................................ 10

    VII.  SETTLEMENT ADMINISTRATION .............................................................. 11

    VIII. PAYMENT OF FEES AND REIMBURSEMENT OF COSTS AND
         EXPENSES....................................................................................................... 13

    IX.   NO ADMISSION OF WRONGDOING OR INFIRMITY OF CLAIMS ........... 15

    X.    APPROVAL ....................................................................................................... 15

    XI.   CONDITIONS OF SETTLEMENT ................................................................... 19

    XII.  RESTRICTIONS ON DEFENDANT'S CONTACT WITH CLASS
         MEMBERS....................................................................................................... 21

    XIII. ISSUANCE OF NOTICE UNDER THE CLASS ACTION FAIRNESS
         ACT................................................................................................................... 22

    XIV. RELEASES........................................................................................................ 22

    XV.  EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION ........ 23

    XVI. MISCELLANEOUS PROVISIONS................................................................... 24

## INTRODUCTION

Subject to approval by the United States District Court for the District of Delaware, this Class Action Settlement Agreement is entered into by and among Plaintiff, individually and on behalf of the Class, as herein defined, and Defendant Federal Express Corporation to settle claims against Defendant, subject to the terms and conditions below. All capitalized terms shall have the meaning ascribed them by Section I of this Agreement.

## RECITALS

A.      Plaintiff Darren Beanland filed the original Complaint on May 23, 2022, docketed as Civil Action No.: 1:22-cv-00672 in the United States District Court for the District of Delaware, asserting claims on behalf of himself and a class of current and former employees of FedEx under the Uniformed Services Employment and Reemployment Rights Act.

B.      Defendant moved to strike Plaintiff's request for liquidated damages, Dkt. No. 26, which motion was denied. Dkt. No. 37. Defendant answered the Amended Complaint on August 20, 2022, asserting various affirmative defenses. Dkt. No. 39.

C.      The parties proceeded with discovery on issues related to class certification, pursuant to the Court's Scheduling Order. Dkt. No. 38.

D.      The parties conducted an all day mediation on January 11, 2023, with the assistance of mediator Josh Javits. Prior to the mediation, Defendant produced military leave data and wage and salary information for members of the putative Class at Plaintiff's request.

E.      Mediation was followed by further meetings and correspondence between counsel for the parties regarding settlement. During those discussions, the Parties agreed to the principal monetary and non-monetary terms of the settlement of the underlying claims of the class, reserving for further negotiation the issue of Plaintiff's claim for attorneys' fees and costs.

F.      Plaintiff's counsel have concluded that the terms of this Settlement are fair, reasonable, adequate and in the best interests of the proposed Class, and have agreed to settle the Action on the terms set forth herein.

G.      Defendant denies the material allegations asserted in the Action and denies any wrongdoing or liability whatsoever, and states that it is entering into the Settlement to avoid the cost, disruption, and uncertainty of litigation.

H.      The Parties desire to promptly and fully resolve and settle with finality all of the claims on the terms set forth herein and subject to the approval of the Court.

## I.      DEFINITIONS

As used in this Agreement, the following terms have the following meanings, unless a section or subsection of this Agreement specifically provides otherwise.

A.      "Action" means the lawsuit entitled *Darren Beanland v. Federal Express Corporation*, docketed as Civil Action No.: 1:22-cv-00672 in the United States District Court for the District of Delaware.

B.      "CAFA" means the Class Action Fairness Act.

C.      "Cash Settlement Amount" means one million five hundred thousand dollars ($1,500,000.00) paid by or on behalf of Defendant.

D.      "Class" means current and former permanent, non-pilot, United States employees of Federal Express Corporation who took short-term military leave (periods of 14 days or fewer) from their employment with FedEx at any time from December 24, 2010 through December 31, 2022 and during that short-term military leave were not paid the compensation they would have earned had they continued to work their ordinary work schedules for FedEx. Excluded from the Class are all former or current salaried employees of FedEx who have only worked at FedEx after October 31, 2020.

2

E.      "Class Counsel" means R. Joseph Barton of Barton & Downes LLP and Michael Scimone of Outten & Golden LLP.

F.      "Class Member" means an individual who is a member of the Class.

G.      "Class Notice" means a form of notice provided to the Class Members that complies with the requirements of this agreement, Fed. R. Civ. P. Rule 23, and is approved by the Court.

H.      "Class Notice Packet" means the Class Notice and any other forms approved or directed by the Court.

I.      "Class Representative" means Plaintiff.

J.       "Complaint" means the Complaint (Dkt. No. 1).

K.      "Court" means the United States District Court for the District of Delaware.

L.      "Defendant" means Federal Express Corporation.

M.      "Defense Counsel" means the undersigned counsel for Defendant.

N.      "Escrow Account" means an account established by Class Counsel and Defendant in the name of the "FedEx Military Paid Leave Settlement Fund" into which the Cash Settlement Amount has been paid.

O.      "FedEx" means Federal Express Corporation.

P.      "Fee Award" will have the meaning set forth in Section VII(2) of this Agreement.

Q.      "Final Approval Motion" means the motion to be filed by Class Counsel requesting that the Court grant final approval of the Settlement pursuant to Fed. R. Civ. P. 23(e).

R.      "Final Approval Order" means the Order and Final Judgment, substantially in the form of an Order described in Section X(2) below.

S.      "Non-Appealable" means an order entered by the Court is no longer subject to appeal, which will occur: (i) if no appeal is taken therefrom, on the date on which the time to appeal therefrom (including any extension of time) has expired; or (ii) if any appeal is taken therefrom, on the date on which all appeals therefrom, including any petitions for rehearing or re-argument, petitions for rehearing *en banc*, and petitions for writ of *certiorari* or any other writ, or any other form or review, have been finally disposed of, such that the time to appeal therefrom (including any extension of time) has expired, in a manner resulting in an affirmance of the Final Approval Order.

T.      "Parties" or "Settling Parties" means collectively Plaintiff, individually and on behalf of the Class, and Defendant.

U.      "Party" refers to any of the Parties.

V.      "Plan of Allocation" means the plan for distribution of the proceeds of the Settlement Fund as proposed by Class Counsel to be approved by the Court.

W.      "Preliminary Approval Order" means the "Order Preliminarily Approving Settlement, Approving Form of Notice, and Setting Final Approval Hearing" in this Action, substantially in the form described in Section X(1).

X.      "Plaintiff" means Darren Beanland.

Y.      "Plaintiff's Counsel" means Barton & Downes LLP, Block & Leviton LLP, Gupta Wessler PLLC, Outten & Golden LLP, Riverside Law Group, PLLC, and the Law Office of Thomas G. Jarrard LLC.

Z.      "Settled Claims" means the Settled Class Claims as well as other claims released pursuant to this Settlement as provided in Section XIV.

AA.    "Settled Class Claims" means the claims that the Class will release pursuant to this Settlement as provided in Section XIV(1).

BB.    "Settlement" means the settlement and compromise of this Action as provided for in this Settlement Agreement.

CC.    "Settlement Administrator" means any person appointed by the Court, who is to be responsible for, among other things, providing the Class Notice Packet to Class Members and/or assisting with the administration of the Settlement.

DD.    "Settlement Agreement" means this Class Action Settlement Agreement and any accompanying Exhibits, including any subsequent amendments thereto and any Exhibits to such amendments.

EE.    "Settlement Fund" means the Cash Settlement Amount plus any earnings and interest thereon, minus any Court-approved deductions and expenses.

FF.    "Tax" or "Taxes" means any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, including income tax and other taxes and charges on or regarding franchises, windfall or other profits, gross receipts, property, sales, use, capital stock, payroll, employment, social security, workers' compensation, unemployment compensation, or net worth; taxes or other charges in the nature of excise, withholding, *ad valorem*, stamp, transfer, value added or gains taxes; license, registration, and documentation fees; and customs' duties, tariffs, and similar charges.

GG.    "Termination Notice" will have the meaning set forth in Section XV(2) of this Settlement Agreement.

## II.    CLASS CERTIFICATION

1.    **Non-opposition**. Defendant will withdraw its opposition to Plaintiff's currently pending Motion for Class Certification.

2.    **Parties' Cooperation**. The Parties will cooperate and each use their best reasonable efforts to obtain certification of a settlement class under Rule 23(b)(2) or alternatively under Rule 23(b)(3).

## III.    CLASS NOTICE

1.    **Provision of Class Notice**. The Settlement Administrator shall provide notice to the Class Members by no later than the date specified in the Court's Preliminary Approval Order.

2.    **Contents**. The Class Notice will contain a brief description of the claims advanced by the Class; a summary of the terms of the Settlement Agreement; the maximum amount of attorneys' fees and costs Plaintiff's Counsel will seek; a description of the proposed Plan of Allocation of the Settlement Fund to the Class; and will provide information about the Final Approval Hearing.

3.    **Method of Providing Class Notice.** Class Notice will be provided to each individual Class Member: (a) by email to the extent that email is known and available or by mailing via first class U.S. Mail and (b) by posting the Class Notice (and other documents filed in the litigation) on a dedicated website. Defendant will cooperate with Class Counsel to facilitate providing Class Notice and other settlement-related communications by providing any email addresses (to the extent such information is reasonably available in the records of Defendant) and also any mailing addresses for all Class Members.

4.    **Undeliverable Notices.** In the event that a Class Notice is sent by email and returned as undeliverable, the Notice will be sent by U.S. Mail. In the event that a Class

Notice sent by U.S. Mail is returned as undeliverable, the Settlement Administrator will make reasonable efforts to obtain a valid mailing address and promptly resend the Class Notice to the Class Member by U.S. Mail.

5.     **Class Data.** Within 10 days of this Agreement being fully executed, Defendant will, to the extent not already disclosed, provide Class Counsel with the following contact information in electronic form for each Class Member, to the extent such information is reasonably available in Defendant's files: (1) name; (2) a street mailing address; (3) e-mail address(es); (4) identifying information sufficient to link this to previously produced data regarding Class Members and (5) any updated information regarding Class Members military leave. This Class Data will be used solely for this litigation. Within 10 days after the Court certifies a class, conditioned on the Settlement Administrator's execution of a Data Processing Agreement protecting the privacy interests of the Class Members, Defendant will provide an updated list containing Class Member Social Security numbers to the Settlement Administrator and Class Counsel. Defendant will also provide other information reasonably requested by Class Counsel or the Settlement Administrator.

6.     **Declaration Regarding Class Notice**. Within 30 days after the date on which Notice is required to be sent, the Settlement Administrator will file a declaration with the Court confirming that the Notice and related information was sent in accordance with the Preliminary Approval Order.

## IV.     SETTLEMENT FUND

1.     **Payment of Cash Settlement Amount**. Defendant will pay the Cash Settlement Amount into the Escrow Account within 30 days of the date of this Settlement Agreement.

2.    **Custody of Settlement Fund.** The Settlement Fund held in the Escrow Account will be administered in accordance with the terms of this Settlement Agreement and the Orders of the Court. Except as provided herein, the Settlement Fund will not be paid to the Class Members pursuant to the Plan of Allocation until the Final Approval Order becomes Non-Appealable.

3.    **Management of the Settlement Fund.** Until the Final Approval Order becomes Non-Appealable or until the Settlement is terminated in accordance with this Agreement, the Settlement Fund will be held in the Escrow Account, for which an Escrow Agent will act pursuant to the terms of the Escrow Agreement or as ordered by the Court. After the Final Approval Order becomes Non-Appealable, Class Counsel will have the sole right and duty to manage the Settlement Fund in compliance with the terms of the Final Approval Order. Any earnings or interest earned by the Settlement Fund will become part of the Settlement Fund.

4.    **Qualified Settlement Fund.** The Settlement Fund is intended by the Settling Parties to be a "qualified settlement fund" for federal income tax purposes under Treas. Reg. § 1.468B-1 at the earliest date possible.

## V.    DISTRIBUTIONS FROM THE SETTLEMENT FUND

1.    **Expenses Before the Effective Date.** Until the Final Approval Order becomes Non-Appealable or the Settlement is terminated in accordance with this Agreement, Class Counsel will be authorized to pay from the Settlement Fund upon notice to Defense Counsel (a) amounts sufficient to pay the Settlement Administrator for the expense of notice; (b) any actual or estimated taxes on any income earned on the Settlement Fund, and (c) all costs and expenses related to the preparation of such tax filings or payments. Any dispute regarding the reasonableness of any expense incurred, paid, or owing will be adjudicated by the Court, but in

no event will such a dispute require Class Counsel to cause or allow the Settlement Fund to fail

to file a tax return or make a tax payment in a timely manner.

2.     **Tax Reserve After the Effective Date**: Upon the Final Approval Order

becoming Non-Appealable, Class Counsel will be authorized to establish a reserve out of the

Settlement Fund to pay any Taxes that are or will be owed (but not yet due) and for expenses

related to payment of Taxes, filing of tax returns or, to the extent not yet incurred, costs of

settlement administration.

3.     **Distribution to Class Members.** After the Final Approval Order becomes

Non-Appealable, the Settlement Fund will be distributed to Class Members pursuant to the

Court-approved Plan of Allocation. The following payments will be made from the Settlement

Fund prior to any distributions to Class Members: (a) any Taxes on the income or earnings by

the Settlement Fund, any tax-related expenses, and the creation of any reserve for future

expenses (as described above); (b) any expenses incurred in connection with the administration

of the Settlement Fund. After deduction of the foregoing, the Settlement Fund will be distributed

to the Class Members in accordance with the Plan of Allocation, and in amounts to each

individual Class Member as directed by Class Counsel or the Settlement Administrator.

4.     **Tax Liability**. Each recipient of any monies paid in accordance with this

Agreement is responsible for any taxes associated with the monies received by that recipient,

provided however that FedEx agrees to pay 100% of the employer's share of any applicable

payroll taxes associated with payments made to Class Members in addition to and separate from

the Class Settlement Amount. Plaintiff, on behalf of himself and the Class Members,

acknowledges and agrees that he has not relied upon any advice from FedEx or Class Counsel as

to the taxability of the payments received pursuant to this Settlement Agreement. 65% of the

9

amounts paid to Class Members shall be treated as wages for the purposes of withholding all applicable local, state and federal taxes, and 35% shall be treated as renumeration for damages separate and distinct from lost wages.

5. Notwithstanding any treatment of payments as wages under this Settlement for tax purposes, this Settlement does not give rise to any obligation to recalculate or adjust pension or other retirement benefits under the FedEx Corporation Employees' Pension Plan.

## VI. PLAN OF ALLOCATION

1. **Proposed Plan of Allocation.** Class Counsel will propose and submit a Plan of Allocation to the Court as to the recommended method of determining and distributing the proceeds of the Settlement Fund to members of the Class. Class Counsel will recommend a method that allocates the Net Settlement Fund in accordance with the pro rata interest of each member of the Class.

2. **Defendant's Limited Involvement.** Defendant shall have no responsibility for preparing or any right to provide input into and will take no position on the Plan of Allocation.

3. **No Claim Based on Distribution in Accordance with the Plan of Allocation.** The Class and its members will not have any claim against, and will hold harmless, Plaintiff, Defendant, counsel to any of the foregoing (including Class Counsel), the Settlement Administrator, or other individuals involved in the distribution under the Plan of Allocation, from any claim based on any distributions of the Settlement Fund made substantially in accordance with this Settlement Agreement, the Plan of Allocation, or as otherwise may be authorized by the Court.

## VII.    SETTLEMENT ADMINISTRATION

1.    **Appointment of Settlement Administrator.** Class Counsel shall propose a qualified person to act as Settlement Administrator. Any such Settlement Administrator will be approved and appointed by the Court to administer the Settlement and will report to Class Counsel and the Court. The Settlement Administrator will have experience providing notice to Class Members and administering settlements in employment or employee benefit class action settlements and settlement funds. The Settlement Administrator shall not be any business with or in which any Party or their counsel (or the firm of such counsel) has any personal relationship or financial interest. The Parties and their counsel will reasonably cooperate with the Settlement Administrator to facilitate providing Class Notice and other settlement-related communications and administration.

2.    **Settlement Administrator's Responsibilities.** The Settlement Administrator will undertake the following tasks to administer this Settlement consistent with the terms of this Settlement, the Plan of Allocation, and the Orders of the Court and such other procedures required by the Court or as directed by Class Counsel:

a)    Print and mail the Class Notice Packet to the Class Members in accordance with this Settlement Agreement and any order of the Court and undertake to trace and re-mail all undeliverable Class Notice Packets or other reasonable steps to locate missing Class Members;

b)    Provide any information on any new addresses to Class Counsel;

c)    Provide Class Counsel and Defense Counsel with copies of any requests for exclusions or objections to the Settlement (to the extent such requests or objections are not filed with the Court);

11

d)      Respond to questions from Class Members or refer Class Members to Class Counsel for responses;

e)      Maintain and staff a toll-free phone number and a web site until six (6) months after distributions of the Settlement Fund have been made to Class Members;

f)      File with the Court a declaration confirming compliance with the procedures approved by the Court for providing notice to the Class;

g)      Determine for purposes of allocation of the Net Settlement Amount, subject to the approval by the Court, whether Class Members claiming to have sufficiently established either their status as members of the Class or their account data differs from the Class Data and send notice of determinations or adjudications to those persons;

h)      Calculate the amount of the Net Settlement Amount to be allocated to each Class Member entitled to payment from the Net Settlement Amount by name and amount;

i)      Calculate for any payments to be made to Class Members amounts that must be reported as income, withhold from payments of the settlement proceeds to Class Members any applicable payroll taxes, determining the employer's share of taxes, and as necessary, remit such funds to the appropriate taxing authorities, along with any associated tax reporting, return and filing requirements;

j)      Distribute payments of the settlement proceeds to Class Members, consistent with instructions from Class Counsel and the Court-approved Plan of Allocation;

k)      Monitor the Qualified Settlement Fund and file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitations the returns described in Treas. Reg. Section 1.468B-2(k));

l)      Ensure that Class Data is used solely for the administration of this Settlement and is shared only with any persons or entities employed by the Settlement Administrator or for purposes of the administration of this Settlement. Because the list contains personal information, the Settlement Administrator shall maintain the list securely and in confidence, maintaining the strictest standards of data privacy, except as necessary to fulfill its responsibilities to administer the Settlement.

m)      Any other responsibilities set forth in this Agreement and any other responsibilities agreed to by the Settling Parties related to administration of the Settlement and consistent with the orders of the Court or any other responsibilities ordered by the Court.

3.      **Class Notice Costs and Expenses.** All costs and expenses for the Class Notice and the Settlement Administrator will be paid from the Settlement Fund.

## VIII.   PAYMENT OF FEES AND REIMBURSEMENT OF COSTS AND EXPENSES

1.      **Expenses from the Settlement Fund.** By a date to be set by the Court, Class Counsel will be entitled to file any motion with the Court authorizing payment from the Settlement Fund of settlement administration expenses, including costs of the Class Notice.

13

2.      **Attorneys' Fees.** By a date to be set by the Court, or, if no date is set by the Court, by the time allowed under the Federal Rules of Civil Procedure, Class Counsel will file a motion for attorneys' fees, litigation expenses, and costs.  Defendant will file any opposition to Class Counsel's motion by a date to be set by the Court.  Any attorneys' fees awarded by the Court (or on appeal) against Defendant (the "Fee & Expense Award") shall be paid by Defendant and shall not be sought from the Settlement Fund.

3.      **Non-Materiality of Award of Attorneys' Fees and Reimbursement of Expenses to Settlement.** In the event that this Court refuses to award attorneys' fees or allow reimbursement of expenses/costs, in whole or in part, or if any such award is rejected or modified on appeal, such rejection or modification will not constitute a material modification of this Settlement Agreement, will not void this Settlement Agreement, and will not provide a basis for any Party to withdraw from this Settlement Agreement.

4.      **Payment of Fees/Expenses to Class Counsel.** All amounts to be paid pursuant to this Section will be paid into an account designated by Class Counsel to be distributed and allocated among any Plaintiff's Counsel as directed by Class Counsel. Defendant will not have any input as to the division of such fees and expenses among Plaintiff's Counsel.

5.      **Timing of Payment of Attorneys' Fees and Reimbursement of Expenses.** In the event that there is no appeal of the Final Judgment of the Settlement, but an appeal solely of a Fee Award or an Expense Award (or a portion thereof), (a) Class Counsel will be entitled to a disbursement of such expenses/costs as to which there is no appeal or the amount which is not contested on appeal (b) such an appeal will not prevent the Class Settlement from becoming Non-Appealable nor prevent or delay distribution of the Settlement Fund to Class Members.

6.      **Defendant's Attorneys' Fees & Expenses**. Defendant will bear its own attorneys' fees, expenses, and costs. No amount of the attorneys' fees, expenses, or costs of this Litigation incurred by Defendant will be paid by the Settlement Fund or charged to any Class Member.

## IX.    NO ADMISSION OF WRONGDOING OR INFIRMITY OF CLAIMS

1.      This Settlement Agreement embodies a compromise of disputed claims and nothing in the Settlement Agreement will be interpreted or deemed to constitute any finding of wrongdoing by Defendant or give rise to any inference of liability in this or any other proceeding. This Settlement Agreement will not be offered or received against Defendant as any admission by any such Party with respect to the truth of any fact alleged by Plaintiff or the validity of any claim asserted in the Action or of any liability, negligence, fault, or wrongdoing of any such Party.

2.      This Settlement Agreement is not, nor may it be deemed to be or used as an admission or evidence of, any infirmity in the claims asserted by Plaintiff and Class Members.

3.      This Settlement Agreement may be used in such proceedings as may be necessary to consummate or enforce this Settlement Agreement or the Final Approval Order, and any Party may file this Settlement Agreement and/or the Final Approval Order in any action that may be brought against it to support a claim, a defense, or a counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or in any action that may be brought to enforce any claim assigned pursuant to this Settlement Agreement.

## X.    APPROVAL

1.      **Preliminary Approval Order.** Class Counsel, on behalf of the Class, will move the Court to enter the Preliminary Approval Order ("Preliminary Approval Motion"). The

Preliminary Approval Motion will seek an Order in a form agreed upon by the Settling Parties which will propose among other things:

(a)     Certification of the claims in this under Rule 23(b)(2) on behalf of the Class, including appointing Plaintiff as the Class Representative, and appointing Class Counsel pursuant to Rule 23(g);

(b)     Preliminary Approval of the Settlement as set forth in this Settlement Agreement, subject to further hearing and determination under Fed. R. Civ. P. 23(e);

(c)     Approval of the form of Class Notice, substantially in the form agreed-upon by the Parties, and the manner of distribution and publication which is consistent with this Agreement, Fed. R. Civ. P. Rule 23, and the requirements of due process;

(d)     Authorization of the payment of Settlement Administration expenses out of the Settlement Fund;

(e)     Preliminary Approval of the Plan of Allocation;

(f)     Appointment of the Settlement Administrator;

(g)     Deadlines by which all objections to the Settlement must be made (and if a Rule 23(b)(3) class is certified, a deadline for requests for exclusion to be filed);

(h)     Provide that any objections or requests for exclusion (if any claim is certified under Rule 23(b)(3)) that are not filed with the Court will be submitted to the Court ;

16

(i)       A schedule for a hearing date for the Court to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate, and whether an Order finally approving the Settlement Agreement should be entered ("Final Approval Hearing");

(j)        That no objection to the Settlement Agreement will be heard and no papers submitted in support of said objection will be received and considered by the Court at the Final Approval Hearing unless the objection and reasons therefore, along with copies of any supporting papers, are filed with the Clerk of the Court and served on the Parties within forty-five (45) days of the publication and/or distribution of the Class Notice;

(k)       Deadlines for filing a Final Approval Motion, Class Counsel's application for a Fee and Expense Award, and Plaintiff's application for a Service Award;

(l)       That the Final Approval Hearing may be continued from time to time by Order of the Court if necessary, and without further notice to the Class; and

(m)      Requiring Defendant to produce the Class Data required pursuant to this Agreement to the extent that such data is reasonably available and within their possession, custody or control.

(n)       To the extent requested by Defendants, approval of the form of notice by Defendants under the Class Action Fairness Act of 2005 ("CAFA").

2.      **Final Approval of the Settlement.** If the Court preliminarily approves this Settlement (and none of the conditions to terminate this Agreement has been exercised),

Class Counsel will file a Final Approval Motion, which will seek entry of a proposed Final Approval Order in a form to be agreed upon by the Settling Parties and will, among other things, request that the Court order and/or find as follows:

(a)     Final Approval of the Settlement of the claims of the Class set forth in this Settlement Agreement;

(b)     The Settlement is fair, reasonable, and adequate to the Class pursuant to Fed. R. Civ. P. 23(e);

(c)     Final Approval of the Plan of Allocation;

(d)     Dismissal of the Action against Defendant with prejudice;

(e)     That Plaintiff and the Class will be deemed conclusively to have released and waived any and all Settled Class Claims against Defendant as provided in this Settlement Agreement;

(f)     Bar and permanently enjoin the Parties and the Class from prosecuting any and all Settled Claims, as provided in this Settlement Agreement, against any Party from whom they have released claims;

(g)     Determine Class Counsel's application for a Fee & Expense Award;

(h)     Retain exclusive jurisdiction, without affecting the finality of the Order entered, with regard to: (i) implementation of this Settlement Agreement; (ii) disposition of the Settlement Fund and distributions from the Settlement Fund; (iii) any disputes about the allocation of Attorneys' Fees and Expenses among Plaintiff's Counsel and (iv) enforcement and administration of this Settlement Agreement; and

       (i)      To the extent that Defendant has timely complied with CAFA and provided CAFA Notice consistent with this Agreement, that notice to the appropriate state and federal officials has been provided as required by CAFA and Defendant has satisfied their obligations pursuant to 28 U.S.C. § 1715.

## XI.    CONDITIONS OF SETTLEMENT

1.     **Court Approval.** Each of the following is an express condition of Settlement: (a) the Court certifies Count I as a class action under Rule 23 on behalf of the Class substantially similar to that as defined in this Agreement; (b) the Class Data that Defendant produced prior to or during the mediation is materially correct; (c) the Court enters a Preliminary Approval Order substantially in the form required by this Agreement; and (d) the Court enters the Final Approval Order, substantially in the form required by this Agreement.

2.     **Effect of Modification of the Class Definition**.  In the event that the Court does not certify a Class substantially similar to the definition as set forth in this Settlement Agreement, Class Counsel and Defendant will each have the right to withdraw from and void this Settlement so long as the notice of the exercise of such right is provided to the Court and the opposing Party within 14 days after the date on which the Court issues such order.  In the event that either Class Counsel or Defendant provides a Termination Notice pursuant to Section XV.1 based on the modification of the class definition and the Parties fail to reach agreement as provided under Section XV.2, any dispute concerning this provision will be submitted to the Court, which (along with any appellate court) will have sole authority to resolve that dispute.

3.     **Material Correctness of Defendant's Information About Class Members**. A condition of this Settlement is that the information and data about the Class provided to Class Counsel in advance of mediation is materially correct.  In the event that Class Counsel provides a Termination Notice pursuant to Section XV.1 based on such information/data

19

being not materially correct and the Parties fail to reach agreement as provided under Section XV.2, Defendant shall have an opportunity to submit any dispute over the material correctness of such information/data to the Court, which (along with any appellate court) will have sole authority to resolve that dispute.  In the event that the Class data produced by Defendant to Class Counsel in advance of mediation is determined to be not materially correct, Class Counsel will have the right (subject to the Termination provisions in Section XV and the dispute resolution provision in the previous sentence), prior to the Final Approval Hearing, to withdraw from and void this Settlement so long as the notice of the exercise of such right is provided to the opposing Party within 14 days after the date Class Counsel learns of the material incorrectness of the data. In the event that Class Counsel only learns after the Final Approval Hearing that the data about the Class provided to Class Counsel in advance of mediation was not materially correct, this Agreement does not affect the rights or remedies which the Parties may have under state or federal law beyond those provided in this Agreement.

      4.      **Effect of Opt-Outs If the Class is Certified Under Rule 23(b)(3).**  If the Court certifies a Class under Rule 23(b)(3), and if the number of  Class Members identified in the data produced by FedEx who timely and validly request exclusion as determined by the Court (the "opt-outs") exceeds 2% of the total number of Class Members identified in the data produced by FedEx prior to the mediation, the Settlement Fund will be reduced in an amount proportionate to the percentage of opt-outs from the total number of Class Members identified in the data produced by FedEx prior to the mediation.  If the number of opt-outs exceeds 10% of the total number of Class Members in the data produced by Defendant prior to the mediation, Defendant will have the right to withdraw from and void this Settlement so long as the notice of the exercise of such right is provided to the Court and Class Counsel within 14 days after the opt-

out deadline consistent with the and subject to the Termination provisions in Section XV.  In the event that Defendant provides a Termination Notice pursuant to Section XV.1 based on the number of opt-outs and the Parties fail to reach agreement as provided under Section XV.2, any dispute concerning the percentage of opt-outs or the amount of the reduction will be submitted to the Court, which (along with any appellate court) will have sole authority to resolve that dispute.

5.      **Non-Conditional Matters.** None of the following are conditions of the Settlement: (a) Court approval of the Service Award, (b) Court approval of the Fee & Expense Award, (c) Court approval of the proposed Plan of Allocation or (d) Court certification of a Class under Rule 23(b)(2) rather than Rule 23(b)(3). No action by the Court or any courts of appeal related to as to any of the foregoing will prevent the Final Approval Order allowing the approval of the Settlement from becoming Non-Appealable.

## XII.    RESTRICTIONS ON DEFENDANT'S CONTACT WITH CLASS MEMBERS

1.      **Defendant's Contact with Class Members**. Prior to the date Final Approval has been entered, Defendant, Defense Counsel, or any person acting on behalf of Defendant or Defendant's Counsel will not communicate with any Class Member about this Action or Settlement except (a) with the prior written consent of Class Counsel (b) as provided in this Section or (c) as allowed by the Court (including Court-approved communications).

2.      **Communications Initiated by Class Members.** To the extent that a Class Member initiates any communication with Defendant or Defense Counsel about this Action or the Settlement prior to the date the Final Approval Order has been entered, Defendant or Defense Counsel will respond by (a) advising the Class Member to contact Plaintiff's Counsel and (b) promptly advise Class Counsel about the communication including the name and any contact information of the Class Member.

## XIII.   ISSUANCE OF NOTICE UNDER THE CLASS ACTION FAIRNESS ACT

1.       **CAFA Notice.** Pursuant to CAFA, Defendant, at its own expense, will prepare and provide the CAFA Notice, including the notices to the United States Department of Justice, the United States Department of Labor, and to the Attorneys General of all states in which the Class Members reside, as specified by 28 U.S.C. § 1715, within ten (10) days of the execution of this Settlement Agreement.

2.       **CAFA Notice Provided to Class Counsel.** Defendant will provide Class Counsel with a copy of the CAFA Notice and materials that Defendant sends within three (3) business days after such notices have been sent. The CAFA Notice and materials will be provided without further request by Class Counsel.

## XIV.   RELEASES

1.       **As to the Class Claims.** Upon the Final Approval Order becoming Non-Appealable, and provided that each Party has performed their respective obligations under this Settlement Agreement to be performed on or prior to such date by such Party:

a.       **Release of Defendant by Plaintiff & the Class.** Plaintiff and the Class (including their heirs, executors, administrators, successors, and assigns), fully and finally release Defendant, its past, present, and future officers, directors, shareholders, members, affiliates, independent contractors, agents, insurers. insurance administrators, employees, attorneys, fiduciaries, trustees, heirs, administrators, executors, devisees, conservators, representatives, parents, subsidiaries, predecessors-in-interest, successors-in-interest, trusts, spouses, and assigns, from any and all claims, or causes of action, whether in law or in equity, whether known or unknown, whether fixed or contingent, that existed prior to the date of the execution of this Agreement and consist of the claims set forth in the

22

Complaint which were filed by Plaintiff on behalf of the Class or the claims that the Class Members have based on or arising out of the same factual predicate as those claims, except that Plaintiff individually and on behalf of himself and the Class and Class Counsel do not release any claims for attorneys' fees, costs or other expenses.

b.     **Release of Plaintiff and the Class by Defendant.** Defendant fully and finally releases Plaintiff, each Class Member, Plaintiff's Counsel (and any of their attorneys), and Class Counsel from any and all claims or causes of action, whether in law or in equity, whether known or unknown, that Defendant has or has had against Plaintiff, each Class Member, Plaintiff's Counsel (and any attorneys of those firms) or Class Counsel that relate to the filing, commencement, prosecution, or settlement of this Action, including any claims for attorneys' fees, costs, expenses, or sanctions.

2.     **Non-Released Claims.** Notwithstanding the foregoing or any other language in this Settlement Agreement, (a) the Settling Parties are not releasing Claims to enforce this Settlement Agreement, and (b) none of Plaintiff, the Class, Plaintiff's Counsel nor Class Counsel is releasing any claim for attorneys' fees or for expenses, including attorneys' fees and expenses incurred in asserting the claims in this litigation.

## XV.     EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

1.     **Right to Terminate.** In the event that one of the Conditions of Settlement in Section XI is not satisfied, either Class Counsel or Defendant shall have the right to withdraw from and seek to void this Settlement under the conditions set forth in this Agreement by providing written notice to counsel for all other Parties to the Settlement within fourteen days (14) days after the event prompting the right to terminate ("Termination Notice"). In the event

that the Final Approval Order has not become Non-Appealable, the Party providing such Termination Notice will be entitled to withdraw so long as the specified condition has not been satisfied and the Party satisfies the conditions in Section XV.2 for the effectiveness of Termination Notice.

2.      **Effectiveness of Termination Notice.** The Termination Notice will become effective to void the Settlement Agreement only if the Settling Parties fail to reach a written agreement within thirty (30) days of the Termination Notice to modify this Settlement Agreement to resolve the issue and have not agreed to further extend the time to reach agreement to modify this Settlement Agreement.

3.      **Effect of Withdrawal.** In the event that a Termination Notice becomes effective before the Final Approval Order becomes Non-Appealable: (a) the monies in the Escrow Account (including any interest or earnings accrued while in Escrow, but less any amount paid or owing for taxes or other expenses incurred in connection with administering the Settlement Agreement while in Escrow, including any amounts necessary to prepare tax returns or monies paid or owing to the Settlement Administrator) will be returned to Defendant upon written request within ten (10) business days of such written request; (b) the Settling Parties will not be released from the claims asserted in this Litigation; (c) this Agreement will be void *ab initio*; and (d) the Parties' positions, rights, and responsibilities will be deemed to have reverted to their respective status in this Action as of January 31, 2023, and, except as may otherwise be expressly provided herein, the Settling Parties will proceed in all respects as if this Settlement Agreement never existed.

## XVI.   MISCELLANEOUS PROVISIONS

1.      **Confidentiality**. The Parties shall keep the terms of this Settlement Agreement confidential until it is filed with the Court (except as otherwise agreed by the Parties).

2.      **Return of Confidential Information**. For purposes of Paragraph 10 of the Confidentiality Agreement, Final Disposition of this Action will have been deemed to have occurred when the distribution to Class Members of proceeds of the Settlement has been completed but no later than 180 days after the Final Approval Order becomes Non-Appealable. In addition to the archival copies of documents to which Counsel for any Party is entitled to retain pursuant to Paragraph 10 of the Confidentiality Agreement, Plaintiffs' Counsel and Class Counsel may maintain the Class data used to provide Class Notice or to calculate Distributions of the Settlement to the Class following final disposition, but such materials will remain subject to the terms of the Confidentiality Agreement. Additionally, the Settlement Administrator may maintain the Class Data used to provide Class Notice or to calculate distributions of the Settlement to the Class for one year following Final Disposition, on the condition that the Settlement Administrator agrees to and does maintain such materials subject to the terms of the Confidentiality Agreement.

3.      **Tax Obligations and Tax Advice.** No opinion or advice concerning the Tax consequences of the Settlement Agreement has been given or will be given by counsel involved in the Action to the Class, nor is any representation or warranty in this regard made by virtue of this Settlement Agreement. The Tax obligations of the Class and the determination thereof are the sole responsibility of each Class Member, and it is understood that the Tax consequences may vary depending on the particular circumstances of each Class Member. No charge or claim may be asserted against any Class Member, Class Counsel, or the Settlement Fund for reimbursement of any Tax, including any penalty or excise tax, imposed or sought to be imposed upon any Defendant in relation to or as a consequence of this Agreement.

4.      **Binding Effect.** This Settlement Agreement will be binding upon, and inure to the benefit of, the successors, assigns, executors, administrators, affiliates, heirs, spousal beneficiaries, and legal representatives of the Settling Parties, provided, however, that no assignment by any Settling Party will operate to relieve such Party of its obligations hereunder.

5.      **Good Faith.** The Settling Parties: (a) acknowledge that it is their intent to consummate this Settlement; (b) agree to exercise their best efforts and to act in good faith to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Settlement Agreement; and (c) agree to exercise their best efforts and to act in good faith to cooperate to the extent necessary to obtain the fullest possible participation of all Class Members in any Settlement. The Settling Parties and their counsel agree to cooperate fully with one another in seeking entry of the Preliminary Approval Order and final approval of the Settlement. The Settling Parties also agree to promptly execute and/or provide such documentation as may be reasonably required to obtain preliminary and final approval of this Settlement.

6.      **Modification.** This Settlement Agreement may be amended or modified only by written instrument signed by Class Counsel on behalf of Plaintiff and the Class and by Defense Counsel on behalf of Defendant or their respective successors in interest and to the extent that such modifications are made after approval by the Court and such modification is material, after the Court has approved such modification.

7.      **Representations.** This Settlement Agreement constitutes the entire agreement among the Settling Parties, and no representations, warranties, or inducements have been made to any Party concerning this Settlement Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.

8. **Authorization.** Each signatory to this Settlement Agreement represents that he or she is authorized to enter into this Settlement Agreement on behalf of the respective Parties he or she represents. Should any non-signing Party ever contend that they did not authorize their counsel to sign this Settlement Agreement on their behalf, counsel for that Party and their law firms shall defend, indemnify, and hold harmless the other Parties with respect to any and all claims, demands, actions, causes of action, or losses related to such contention.

9. **Counterparts.** This Settlement Agreement may be executed in one or more original, photocopied, or facsimile counterparts.  All executed counterparts and each of them will be deemed to be one and the same instrument.

10. **Governing Law.** All terms of this Settlement Agreement will be governed by and interpreted according to the laws of the State of Delaware without regard to its rules of conflicts of law and in accordance with the laws of the United States.

11. **Waiver.** The waiver by one Party of any breach of this Settlement Agreement by any other Party will not be deemed a waiver of any other breach of this Settlement Agreement. The provisions of this Settlement Agreement may not be waived except by a writing signed by the affected Party, or counsel for that Party, or orally on the record in court proceedings.

12. **Continuing Jurisdiction.** The Settling Parties agree to submit to the jurisdiction of the Court and will be bound by the terms of this Settlement Agreement, including, without limitation, disputes related to implementing and enforcing the Settlement embodied in this Settlement Agreement. Any and all disputes related to claims that are not satisfactorily resolved by the Settling Parties will be submitted to the Court for final resolution. The Final Approval Order will provide that the Court will have continuing jurisdiction over this Settlement.

13.     **Enforcement of this Agreement.** In the event that any Party to this Agreement believes that another Party to this Agreement has breached the terms of this Agreement, that Party will notify the alleged breaching Party and Counsel in writing setting forth the nature of the breach and the requested method to cure the breach at least 14 days prior to filing any litigation to enforce the terms of the Settlement Agreement (and if the allegedly breaching Party is a Class Member, regardless of whether that Class Member has separate counsel, Defendant must also notify Class Counsel in writing). In the event that the allegedly breaching Party fails to cure the alleged breached as set forth in the written notification after 14 days, the other Party may then file an action to enforce the Settlement Agreement.

14.     **Extensions.** The Settling Parties reserve the right, subject to the Court's approval, to request any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Agreement.

15.     **Evidentiary Effect.** Neither this Settlement Agreement nor the Settlement, nor any negotiation, nor act performed, nor document executed, nor proceedings held pursuant to or in forbearance of this Settlement Agreement or the Settlement, even if this Settlement Agreement is cancelled or terminated: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of the validity of any Settled Claims, or of any wrongdoing, negligence, misrepresentation, violation, or liability of any Settling Party; (b) is, or may be deemed to be, or may be used as an admission of, or evidence of any infirmity in the Complaint or claims asserted by Plaintiff and the Class; or (c) is, may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any Settling Party in any civil, criminal, or administrative proceeding in any court, administrative agency, or tribunal, including in this Action. This Settlement Agreement may be used in such proceedings as may be necessary to

28

consummate or enforce this Settlement Agreement, the Settlement, or the Final Approval Order; and any Settling Party may file this Settlement Agreement and/or the Final Approval Order in any action to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16.     **Final and Complete Resolution.** The Settling Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to this Action. The Settlement compromises claims which are contested and will not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the Settlement Agreement were negotiated in good faith at arm's-length by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

17.     **Duplicative Provisions.** In interpreting this Settlement Agreement, duplicative and/or overlapping release provisions will not be presumed or construed to be intended to release separate claims or have different meanings.

The Parties hereto, intending to be legally bound hereby, have caused this Settlement Agreement to be executed by their duly authorized counsel as of the date stated in the introductory clause.

Dated: March 1, 2023

Agreed to by:

Counsel for Plaintiff                                    Counsel for Defendant

_____                    _____
R. Joseph Barton (pro hac vice)                 Colleen Hitch Wilson
Barton & Downes LLP                             Federal Express Corporation
1633 Connecticut Ave, NW, Ste. 200              3620 Hacks Cross Road
Washington, D.C. 20009                          Memphis, TN 38125


_____
Michael J. Scimone (pro hac vice)               Mark W. Robertson (pro hac vice)
Outten & Golden LLP                             O'Melveny & Meyers LLP
685 Third Ave, 25th Floor|                      7 Times Square
New York, NY 10017                              New York NY 10036


                                                M. Tristan Morales (pro hac vice)
                                                O'MELVENY & MYERS LLP
                                                1625 Eye St NW
                                                Washington, DC 20006

Dated: March 1, 2023

Agreed to by:

Counsel for Plaintiff                                    Counsel for Defendant

_____                                 _____

R. Joseph Barton (pro hac vice)                         Colleen Hitch Wilson
Barton & Downes LLP                                     Federal Express Corporation
1633 Connecticut Ave, NW, Ste. 200                      3620 Hacks Cross Road
Washington, D.C. 20009                                  Memphis, TN 38125


_____

Michael J. Scimone (pro hac vice)                       Mark W. Robertson (pro hac vice)
Outten & Golden LLP                                     O'Melveny & Meyers LLP
685 Third Ave, 25th Floor|                              7 Times Square
New York, NY 10017                                      New York NY 10036

                                                        M. Tristan Morales (pro hac vice)
                                                        O'MELVENY & MYERS LLP
                                                        1625 Eye St NW
                                                        Washington, DC 20006